IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR 106-122
)
TERRY CARTER, JR. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has accused Defendant Terry Carter, Jr. ("Carter"), of multiple counts of Robbery and Attempted Robbery of a Commercial Business, in violation of 18 U.S.C. § 1951, as well as multiple counts of Using, Carrying, and Discharging or Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c). (Doc. no. 1). The matter is now before the Court on Carter's "Motion to Dismiss Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen and Sixteen." (Doc. no. 18). The government opposes the motion. (Doc. no. 31, pp. 4-7). Now, for the reasons developed more fully herein, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**.

## I.      BACKGROUND

Carter is charged in multiple counts of the indictment with robbery or attempted robbery of several commercial businesses in Richmond and Burke Counties, beginning on or about December 21, 2005, and continuing until on or about February 13, 2006. (Doc. no. 1). Along with each robbery or attempted robbery charge, there is a concomitant charge that during and in relation to the robberies - crimes of violence -  Carter did knowingly "use,

carry, and discharge" or "use, carry, and brandish" a firearm, in violation of 18 U.S.C.

§ 924(c)(1)(A)(ii) & (iii). (Id.).  In relevant part, 18 U.S.C. § 924(c) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> **(i)** be sentenced to a term of imprisonment of not less than 5 years;
> **(ii)** if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> **(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

## II.    DISCUSSION

Carter moves to dismiss the firearm charges contained in Counts Two, Four, Six,

Eight, Ten, Twelve, Fourteen, and Sixteen on the ground that "each alleges multiple crimes

and is therefore improper." (Doc. no. 18, p. 1).  Relying on United States v. Booker, 543

U.S. 220 (2005), in support of his position, Carter contends that the aggravated punishments

in the statute that are based on the manner in which the firearm(s) were used must be alleged

in an indictment and proven to the trier of fact beyond a reasonable doubt.  (Doc. no. 18, p.

2).  Thus, goes the argument, "whether the firearm(s) were used, carried, brandished, or

discharged, constitute separate *elements* which, to trigger application of § 924(c)'s stiffer

penalties, must be treated as such." (Id.).

2

The government counters that § 924(c)(1)(A) defines only a single offense and then provides for enhanced penalties where that offense is committed in a certain way. (Doc. no. 31, p. 5). Stated otherwise, the government contends that the portion of the statute pertaining to discharging or brandishing a firearm is merely a sentencing factor, not an element of the offense. The government has the better argument.

### A.   Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, and Sixteen Are Not Duplicitous.

"A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses." United States v. Schlei, 122 F.3d 944, 977 (11th Cir. 1997) (citation omitted). Duplicitous counts are problematic for three main reasons: a jury may convict a defendant without unanimous agreement on the same offense; a defendant may suffer prejudice in a subsequent double jeopardy defense; and a court may find it difficult to rule on the admissibility of evidence. Id. However, "[w]here the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any one of the means." United States v. Cornillie, 92 F.3d 1108, 1110 (11th Cir. 1996) (per curiam). Section 924(c)(1)(A) is an example of just such a statute. See, e.g., United States v. Lott, 310 F.3d 1231, 1246 (10th Cir. 2002). Simply put, "[a]n indictment is not duplicitous if, in one count, it charges a defendant with violating [a] statute in [multiple] ways." United States v. Burton, 871 F.2d 1566, 1574 (11th Cir. 1989) (per curiam).

Here, Carter contends that because the indictment charges separate and distinct elements concerning how the firearm in question was used (used, carried, brandished, or

3

discharged) in Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, and Sixteen, each

Count alleges more than one offense. (Doc. no. 18, p. 2). The Court first notes that Carter's

reliance on Booker is misplaced. In Harris v. United States, 536 U.S. 545 (2002), the

Supreme Court ruled, "[A]s a matter of statutory interpretation, § 924(c)(1)(A) defines a

single offense. The statute regards brandishing and discharging as sentencing factors to be

found by the judge, not offense elements to be found by the jury." Id. at 556. The Supreme

Court also explained that the sentencing judge did not err in sentencing the defendant to the

§ 924(c)(1)(A)(ii) mandatory minimum sentence based upon his finding by a preponderance

of the evidence that the defendant had brandished a weapon, despite the fact that the

indictment said nothing about brandishing a weapon and did not reference § 924(c)(1)(A)(ii).

Id. at 551-52.

Post Booker, the Eleventh Circuit continues to re-iterate, albeit it often in

unpublished opinions, that Harris is still to be applied in this Circuit.[1]   United States v.

_____

[1]In deciding that Harris remains good law (at least for now), the Eleventh Circuit noted its agreement with both the Fourth and the Sixth Circuits. United States v. Crawford, No. 04-14606, 133 Fed. Appx. 612, 620-21, 2005 WL 1163620, at *7 (11th Cir. May 18, 2005) (per curiam) (citing United States v. Groce, 398 F.3d 679, 682 n.2 (4th Cir. 2005) and United States v. Harris, 397 F.3d 404, 415 n.5 (6th Cir. 2005)); see also United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005) ("We emphasize that the district court was, and still is, bound by the statutory minimums." Id.). The First, Second, Third, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits have also ruled that the Harris rationale--that Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny relate only to increases in sentence maxima, rather than sentence minima--remains in effect even after Booker. See United States v. Lizardo, 445 F.3d 73, 90 (1st Cir. 2006) ("Booker, like Apprendi, was concerned only with 'sentence[s] exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict.' Booker left intact the Supreme Court's precedent in Harris v. United States, which allowed the use of judicially found facts to increase a mandatory minimum sentence . . . ." (internal citations omitted)); United States v. Estrada, 428 F.3d 387, 391 (2d Cir. 2005) (recognizing that post Booker, the court is "bound by the Supreme Court's ruling[] in . . . Harris."); United States v. Williams, 464 F.3d 443, 449 (3d

Rivera, No. 05-16989, 189 Fed. Appx. 933, 2006 WL 1995692, at *4-5 (11th Cir. July 18, 2006) (*per curiam*) ("[W]e are obliged to continue following Harris." Id. at *4); United States v. Crawford, No. 04-14606, 133 Fed. Appx. 612, 620-21, 2005 WL 1163620, at *7 (11th Cir. May 18, 2005) (*per curiam*) ("We recognize that the Supreme Court's Harris decision came after Apprendi but before Booker. However, Booker did not address[] mandatory *minimum* sentences or Harris and, at least at this juncture, we remain bound to apply Harris." Id. at 620 (citations and footnotes omitted)).

In sum, Carter challenges language that represents sentencing factors, not elements of the offense that would raise the possibility of a duplicity problem.[2]

---

Cir. 2006) ("The Supreme Court has held that a judge may make findings of facts that increase a defendant's mandatory minimum sentence as long as those findings do not extend the sentence beyond the maximum authorized by the jury's verdict. Harris remains binding law in the wake of the Booker decision." (internal citations omitted)); United States v. Lopez-Urbina, 434 F.3d 750, 761 (5th Cir. 2005) (citing Harris, among other cases, for proposition that increases in mandatory minimums can be enhanced by judicial fact finding); United States v. Jones, 418 F.3d 726, 731-32 (7th Cir. 2005) (affirming imposition of mandatory minimum sentence for discharging firearm under § 924(c)(1)(A)(iii) and noting that the rationale of Harris survived Booker in "that judicially found facts used to set minimum sentences are not properly deemed 'elements' of the offense for Sixth Amendment purposes because the jury's verdict authorizes the judge to impose the minimum sentence with or without the judicial fact-finding."), *cert. denied*, 126 S. Ct. 817 (U.S. Dec. 5, 2005); United States v. Keller, 413 F.3d 706, 709-10 (8th Cir. 2005) (citing Harris, post Booker, to affirm judicial finding that defendant brandished firearm), *cert. denied*, 126 S. Ct. 786 (U.S. Nov. 28, 2005); United States v. Cardenas, 405 F.3d 1046, 1048 (9th Cir. 2005) ("Booker does not bear on mandatory minimums. . . ."); United States v. Harris, 447 F.3d 1300, 1307 (10th Cir. 2005) ("Booker, however, does not apply to statutory minimum sentences.").

[2]Of course, the Court is aware that some courts have held that § 924(c) does raise duplicity or Booker concerns in other contexts. Most notably, the Sixth Circuit has held that § 924(c)'s proscription of "us[ing] or carr[ying]" a firearm "during and in relation to any crime of violence or drug trafficking crime" is a distinct and separate offense from "possess[ing] a firearm" "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A); United States v. Combs, 369 F.3d 925, 931-33 (6th Cir. 2004) (quoting United States v. Pleasant, 125 F.Supp.2d 173, 178, 180-81 (E.D. Va. 2000)). However, Combs and Pleasant

**B.**     **Even If Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, and Sixteen Were Duplicitous, Dismissal Is Not the Appropriate Remedy.**

Even if the Court were to assume for the sake of argument that Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, and Sixteen could be considered duplicitous or that the possibility of a Booker error was a viable argument, dismissal is not an appropriate remedy. First, any concern regarding jury unanimity may be addressed by curative instructions to the jury that its verdict must be unanimous on whatever specification the jurors find to be the predicate of a guilty verdict. United States v. Natelli, 527 F.2d 311, 325 (2d Cir. 1975); see also Schlei, 122 F.3d at 980 (finding unanimity instruction to jury could have cured risk that jury improperly convicted defendant without unanimous agreement on which of multiple transactions formed basis for conviction); United States v. Shorter, 809 F.2d 54, 56-58 (D.C. Cir. 1987) (rejecting duplicity argument for dismissal on several grounds and specifically noting that trial court gave special unanimity instruction), *abrogated on other grounds by*, Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 585 (1993).   Carter's arguments regarding § 924(c) do not present exceptions to this rule.  See, e.g., United States v. Davis, 306 F.3d 398, 416 (6th Cir. 2002) (rejecting argument that jury may have reached non-unanimous decision on § 924(c) charge where explicit instructions were given by trial judge);

_____

are easily distinguished.  One may possess a firearm in furtherance of a crime without carrying or using it during and in relation to that crime; however, one may not brandish or discharge a weapon during and in relation to a crime without also using or carrying it during and in relation to the crime.  And of course, the indictment in the instant case does not raise the concerns addressed in Combs and Pleasant.  The indictment charges only that Carter carried, used, and brandished or discharged a firearm "during and in relation to a crime of violence" and does not allege that Carter possessed a firearm in furtherance of such crime. (Doc. no. 1, pp. 2, 3, 4, 5, 7, 8, 9).

United States v. Husband, No. 05-CR-08-C, 2005 WL 1115873, at *1 (W.D. Ky. May 6,

2005) (citing Davis, 306 F.3d at 416).

Likewise, any Sixth Amendment concerns may be alleviated by "separat[ing] the 'use

and carry' conduct and the 'brandishing' conduct into separate counts to submit to the jury

and then merg[ing] the convictions after trial."[3]   Husband, 2005 WL 1115873, at *1.

Moreover, as with concerns about jury unanimity, Booker concerns or Sixth Amendment

problems may also be addressed by specific jury instructions:

> Alternatively, the court could require the jury to find beyond a reasonable
> doubt whether [Defendant] used or carried a firearm during and in relation to
> each charged crime and require a finding beyond a reasonable doubt as to
> whether [Defendant] brandished a firearm during and in relation to each
> crime by special verdict or special interrogatories to alleviate the possible
> concerns about sentencing and the Sixth Amendment guarantee of unanimity.

Id. at *1. Finally, the Court also notes that any duplicity concerns may also be cured by

having the government elect whether to proceed on a "use and carry" or "brandish" theory.

See, e.g., United States v. King, No. 04-CR-1071, 2005 WL 1307790, at *1 (N.D. Ill. Apr.

26, 2005) (explaining that government may simply "strike one phrase or the other"); see also

United States v. Martinez-Ramirez, 273 F.3d 903, 915 (9th Cir. 2001) (explaining that

prosecution and conviction of a defendant indicted under a duplicitous indictment may be

proper "if either (1) the government elects between the charges in the offending count, or

(2) the court provides an instruction requiring all members of the jury to agree as to which

of the distinct charges the defendant actually committed.").

---

[3]There is no reason to presume that the above-noted curative actions described with
respect to "brandishing" conduct could not also be used with respect to the allegation that
Carter did knowingly "use, carry, and discharge" a firearm.  (Doc. no. 1, p. 2).

7

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**.

SO REPORTED and RECOMMENDED this 15th day of December, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     *

         vs.          *      CASE NO. CR106-122

TERRY CARTER, JR.       *

                      *

                      *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as __Rpt & Recommendation__ dated __12/15/06__ , which is part of the official records of this case.

Date of Mailing: __12/15/06__

Date of Certificate: __12/15/06__

                             SCOTT L. POFF, CLERK

                             By _L. Flanders_

NAME:

1. Terry Carter, Jr.
2. Neil Staten Bitting, Jr.
3. 
4. 
5. 
6. 
7. 

Cert/Copy

☐ ☐ District Judge

☐ ☒ Magistrate Judge

☐ ☐ Minutes

☐ ☐ U.S. Probation

☐ ☐ U.S. Marshal

☐ ☒ U.S. Attorney

☐ ☐ JAG Office

Cert/Copy

☐ ☐ Dept. of Justice

☐ ☐ Dept. of Public Safety

☐ ☐ Voter Registrar

☐ ☐ U.S. Court of Appeals

☐ ☐ Nicole/Debbie

☐ ☐ Ray Stalvey

☐ ☐ Cindy Reynolds