IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 106-122 |
| | ) | |
| TERRY CARTER, JR. | ) | |

## ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Terry Carter, Jr. The United States of America, by and through its attorney, Edmund A. Booth, Jr., Acting United States Attorney for the Southern District of Georgia, and Patricia Green Johnson, Assistant United States Attorney, has filed a combined response to these motions.

### GENERAL DISCOVERY MOTION, INCLUDING REQUEST FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING INFORMATION

As to Defendant Carter's general discovery requests, the government responds that it has provided Defendant "open file" discovery in this case. The government has provided Defendant with discovery materials consisting of investigative reports, scientific reports, and other documents material to this case (attorney and agent work product excepted). All known statements by Defendant (if any) have also been produced, as has his criminal record. Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders Defendant's discovery requests **MOOT**. (Doc. no. 17-1).

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to the defense shall be maintained by the defense and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

As to the request for disclosure of exculpatory and impeaching information in accordance with the principles of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the Court finds that to some extent, Defendant's request exceeds the scope of <u>Brady</u>. <u>Brady</u> material includes information that is favorable to Defendant and material to the issues of guilt or punishment. <u>Brady</u>, 373 U.S. at 87; <u>United States v. Agurs</u>, 427 U.S. 97 (1976). This motion is **GRANTED** to the extent that the government must provide all <u>Brady</u> material to Defendant within five (5) days of the date it is received or its existence becomes known. (Doc. no. 17-2). With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant Carter has filed a motion requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is

2

generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose Jencks or Brady material. This, in essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this motion is **DENIED**. (Doc. no. 22).

## MOTIONS TO PRESERVE EVIDENCE, AGENTS' ROUGH NOTES, REPORTS, MEMORANDA AND TAPE RECORDINGS

Defendant Carter filed motions to preserve evidence, including rough notes of agents. (Doc. nos. 20, 24). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motions are **GRANTED**. The government is required to preserve all evidence in this case.

## MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251 & n.78 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and inconvenience to the Court and jury. The government does not oppose the motion and states that all witness statements have been turned over to Defendant pursuant to its "open file" discovery policy. The government also states that it is willing to provide Jencks Act materials, including grand jury transcripts, one week prior to trial. The government is **HEREBY INSTRUCTED** to provide Jencks Act materials seven (7) days prior to trial to provide defense counsel a meaningful opportunity to assess these statements. (Doc. no. 21).

## MOTIONS TO PROVIDE TRANSCRIPTS OF GRAND JURY PROCEEDINGS

Defendant Carter moves to disclose grand jury proceedings, including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of secrecy surrounding a grand jury. . . . Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976); see also United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (recognizing that Eleventh Circuit precedent requires showing of "particularized need" to obtain disclosure of

4

protected grand jury materials). Defendant has expressed a general desire to review those records but has not attempted to show a particularized need for them. Accordingly, the motions for disclosure of grand jury proceedings are **DENIED**. (Doc. nos. 13, 14). The Court is aware that the government has stated its intent to provide Jencks Act materials, including the grand jury transcripts, seven (7) days prior to trial.

## MOTION FOR A SPEEDY TRIAL

Defendant Carter has filed a motion for speedy trial. The government does not oppose the motion. Defendant's motion is **GRANTED**. (Doc. no. 16).

## MOTION FOR DISCLOSURE OF EXPERT TESTIMONY

Defendant Carter has filed a motion requesting that the government be ordered to disclose a written summary of any and all testimony the government intends to introduce at trial of expert testimony including law enforcement. (Doc. no. 23). As the manner of the government's expert disclosures must comply with Fed. R. Crim. P. 16(a)(1)(F) and (G) and Fed. R. Evid. 702, 703 and 705, this motion is **MOOT**.

## MOTION TO PRODUCE DEFENDANT'S PRIOR RECORD

The government has responded that it has provided Defendant's known criminal record to Defendant in discovery. (Doc. no. 33, p. 3). This request is, therefore, **MOOT**. (Doc. no. 25).

## MOTION TO DETERMINE EXISTENCE OF CONFIDENTIAL INFORMANT OR SOURCE

As the government has responded that no informant was used in this case (doc. no. 33, p. 3), the motion is **MOOT**. (Doc. no. 26).

## MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant Carter is **DENIED**. (Doc. no. 28). The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court. This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

## MOTION FOR PRODUCTION OF POLYGRAPH EXAMINATION REPORTS OF GOVERNMENT WITNESSES OR, ALTERNATIVELY, CONTENTS OF POLYGRAPH EXAMINATION

In light of the government's liberal discovery policy and the government's response that no polygraph tests were performed in this case (doc. no. 33, p. 4), this request is **MOOT**. (Doc. no. 29).

## GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

This request filed by the government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure. (Doc. no. 31). In light of the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, the motion is **GRANTED**.

SO ORDERED this 10th day of April, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA     *

        vs.     *     CASE NO. 1:06-cr-122

TERRY CARTER, JR     *

                                        *

                                        *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order dated 4/10/07, which is part of the official records of this case.

Date of Mailing:    4/10/07
Date of Certificate:    4/10/07

                                                       SCOTT L. POFF, CLERK

                                                       By _L. Jenders_

**NAME:**
1. Terry Carter, Jr.
2. Neil Staten Bitting, Jr.
3. 
4. 
5. 
6. 
7. 

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds